IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MUHAMMAD AL-AMEEN,          )
f.k.a., TERRY D. RIVERS,    )
                            )
        Plaintiff,          )
                            )
v.                          )          CIVIL ACTION NO. 1:05-CV-1106-F
                            )
HOUSTON COUNTY JAIL NURSING, et al., )
                            )
        Defendants.         )

**O R D E R**

A 42 U.S.C. § 1983 action has been filed by an inmate alleging a violation of civil

rights during his confinement in the Houston County Jail. Specifically, the plaintiff asserts

that he has been denied adequate medical treatment and complains that jail officials refuse

to utilize his legal name. The Magistrate Judge has reviewed the complaint and determined

that this pleading cannot be properly and effectively processed by the court without further

additional information from the defendants. Accordingly, it is hereby

ORDERED that:

1. The defendants named in the complaint undertake a review of the subject matter

of the complaint (a) to ascertain the facts and circumstances; (b) to consider whether any

action should be taken by prison officials to resolve the subject matter of the complaint; and

(c) to determine whether other similar complaints, whether pending in this court or

elsewhere, should be considered together.

2. A written report be filed with the court containing the sworn statements of all

persons having knowledge of the subject matter of the complaint. This report shall be filed with the court and a copy served upon the plaintiff within forty (40) days of the date of this order. All defenses including immunity defenses must be set forth in the written report or such defenses may be waived. Authorization is hereby granted to interview all witnesses, including the plaintiff. Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report. Where the plaintiff's claim or the defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines.

3. The defendants shall identify the plaintiff's status during his incarceration in the county jail, i.e. whether he was a pre-trial detainee or convicted prisoner, at the time of the actions which form the basis for the instant complaint.

4. An answer be filed within forty (40) days of the date of this order.

5. No motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the amended complaint be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.

6. NOTICE TO PLAINTIFF.

(a) The *Federal Rules of Civil Procedure* require that the plaintiff mail to the

lawyer for the defendants or, if no attorney has appeared on behalf of the defendants, the defendants themselves a true copy of **anything** which he sends to the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed should contain a certificate of service which specifically states that the pleading has been sent to the lawyer for the defendants. If the pleading does not contain a certificate of service, it will not be accepted for filing.

(b) With the exception of the complaint and any response ordered by the court, "[n]o other pleading shall be allowed" in this cause of action. Rule 7(a), *Federal Rules of Civil Procedure*.

(c) Each pleading, motion or other application submitted to the court shall contain "a caption setting forth the name of the court, title of the action, the file number, and a designation[,]" Rule10(a), *Federal Rules of Civil Procedure*, and must be signed by the plaintiff. Rule 11(a), *Federal Rules of Civil Procedure*.

(d) Every application which requests an order or particular action by the court "shall be [presented] by motion which, unless made during a hearing or trial, shall be made in writing." Rule 7(b)(1), *Federal Rules of Civil Procedure.* The application "shall set forth with particularity the grounds" for the motion and "the relief or order sought." *Id*. Additionally, the request or application for relief must contain a proper caption setting forth a title designation which specifically states the action that the applicant or movant wants the court to undertake. Rules 7(b)(2) and 10(a), *Federal Rules of Civil Procedure*. Any

3

application or request which fails to comply with the directives of the civil rules as outlined in this order will not be accepted by the court for filing.

**The plaintiff is hereby advised that the court will consider only those requests presented in an appropriate motion which is in the proper form. Consequently, any application for relief or request for action *must be contained in the title of the motion* to warrant consideration by the court.**

(e)   All amendments to a complaint must be labeled with the words "amendment to complaint" or similar language. Except as permitted by Rule 15(a), *Federal Rules of Civil Procedure*, no amendment to a complaint will be accepted by the court for filing **unless accompanied by a motion for leave to amend**.

(f)  **All amendments to the complaint and/or motions to amend must be filed within ninety (90) days of the date of this order and the allegations contained therein must relate to the facts made the basis of the instant complaint**. Proposed amendments or motions to amend filed after this date will be considered untimely. Any such amendments or motions which contain claims unrelated to the claims presented in the original complaint will not be considered by the court.

(g)  Plaintiff is informed that this case will proceed as quickly as possible and that he will be informed of all action the court takes.

(h)   If plaintiff moves to a different institution or is released, he must immediately inform the court and the defendants of his new address. In so doing, the

plaintiff shall style this notification as a "Notice of Change of Address" and provide a copy of this notice to the defendants.

(i)  It is the responsibility of the plaintiff to furnish the clerk's office with accurate addresses for the defendant(s) whom plaintiff wishes to serve.  Without accurate addresses, service of process is impossible.  It is also the responsibility of the plaintiff to monitor this case to make sure that the persons whom plaintiff wishes to sue have been served.  If a person has not been served, he/she is not a party to this lawsuit except in very unusual circumstances.

The plaintiff is specifically **CAUTIONED** that his failure to file motions, pleadings or other papers in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such documents not being accepted for filing.  The CLERK is DIRECTED to not accept for filing any pleadings, motions or other applications submitted by the plaintiff which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

The CLERK is hereby DIRECTED to furnish a copy of this order to the plaintiff and a copy of this order together with a copy of the complaint to the defendants.

Done this 22nd day of November, 2005.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE